UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS DANE SANDERS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ANDRE MATEVOUSIAN, et al.,<br><br>　　　　Defendants. | **Case No. 1:17-cv-1554-AWI-MJS (HC)**<br><br>**ORDER GRANTING MOTION TO RE-CONSTRUE CASE AS HABEAS**<br><br>**(ECF No. 15)**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS FOR LACK OF JURISDICTION**<br><br>**THIRTY (30) DAY OBJECTION DEADLINE** |

Petitioner is a state prisoner proceeding pro se in this action filed on November 13, 2017. (ECF No. 1.) Petitioner filed this case as a habeas corpus action in the Sacramento Division of the United States District Court for the Eastern District of California. However, the Magistrate Judge assigned there construed and re-designated the case as a Bivens[1] action because Petitioner is challenging the conditions of confinement. (ECF No. 3.) As the alleged violations took place in Merced County, which is part of the Fresno Division of the Eastern District of California, the case was then transferred to the undersigned. See Local Rule 120(d).

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

When Petitioner filed this case as a habeas corpus action, he paid the requisite $5.00 filing fee for such actions. However, as the Magistrate Judge in the Sacramento Division re-designated this as a Bivens action, this Court ordered Petitioner to pay the filing fee of $400.00 for a civil case or to file a motion to proceed in forma pauperis. (ECF No. 11.)

However, on December 6, 2017, Petitioner filed "objections" to the designation of his case as a Bivens action and moved for the Court to re-construe his case as a habeas action filed under 28 U.S.C. § 2241. (ECF No. 15.) At Petitioner's request, made despite one judge's notice that he did not believe Plaintiff stated a cognizable habeas claim, the Court will grant this motion and re-construe this as a habeas case. Accordingly, the Court vacates the Order (ECF No. 11) requiring Petitioner to pay the civil case filing fee or file a motion to proceed in forma pauperis.

As the case is now re-construed as a habeas action filed under Section 2241, Habeas Rule 4 requires the Court to make a preliminary review of the petition. Preliminary review of this action requires summary dismissal of the case without prejudice.

**I.  Procedural Grounds for Summary Dismissal**

The Rules Governing Section 2254 Cases in the United States District Courts are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Rule 4.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042–43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim

2

for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**II.  Discussion**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. A federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255. A petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). Writ of habeas corpus relief is available under § 2241 if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, where a Petitioner seeks to challenge the conditions of his confinement, his claims are cognizable in a civil rights action rather than a habeas corpus action. In the federal context, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), provides petitioners with a remedy for violation of civil rights by federal actors. C.f., Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991) (challenges to conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

In this case, Petitioner's complaints involve the conditions of his confinement, not the execution of his sentence. He seeks injunctive relief requiring the institution to remove restrictions on his general correspondences; to restore phone numbers and addresses that have been deleted by officials; to cease restrictions on his incoming mail; and to cease restrictions on books sent to him. (ECF No. 1 at 8.) These claims are not cognizable in habeas corpus and should be dismissed. It does not appear that any tenable claim for relief could be pleaded, even if leave to amend were granted. Jarvis, 440 F.2d at 14. Should Petitioner wish to pursue his claims, Petitioner must do so by

way of a civil rights complaint pursuant to Bivens.

Petitioner argues in his motion to re-construe that challenges to these conditions are properly raised under Section 2241 as the claims arise from the execution of his sentence. (ECF No. 15.) Petitioner cites several cases to support this argument; however, they are inapposite. Specifically, the cases that Plaintiff cites to describe the use of Section 2241 in broad strokes, noting that petitions under Section 2241 are those "that challenge the manner, location, or conditions of a sentence's execution." See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). However, Hernandez dealt with the savings clause of 28 U.S.C. § 2255, which allows a Section 2241 petition when a Section 2255 motion is inadequate or ineffective to test the legality of a detention. See id. at 864-66. The cases that the Hernandez court cited in support of its proposition, Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990), and Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980)[2], both related to parole decisions. The restrictions purportedly imposed on Petitioner by prison authorities are far removed from a determination about the length of a sentence.

Numerous federal courts have noted that Section 2241 is the appropriate vehicle for challenges to the "execution" or "manner" of a prisoner's sentence, by contrast with Section 2255's attack on the fact or duration of the confinement. See e.g., Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000); Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001); Gonzalez v. United States, 150 F. Supp. 2d 236 (D. Mass. 2001). As they are described in Jiminian, these challenges primarily concern "administration of parole, computation of sentences by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions". 245 F.3d at 146. Notwithstanding the possible overlap of remedies, challenges to the imposition of restrictions on a prisoner's communications remain most squarely in the realm of civil rights litigation under Bivens rather than habeas corpus. See Badea, 931 F.2d at 574.

---

[2] Petitioner also cites to Brown to support his objections to the Court construing his case as a civil action. (ECF No. 15 at 2.)

4

## III. Conversion to Civil Rights Action

In an appropriate case a habeas petition may be construed as a civil rights complaint. Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Here, the Court initially converted this to a civil rights action, but, as described above, Plaintiff objected and moved to re-construe the case as a habeas proceeding.

In light of Petitioner's clear objections to construing this as a civil rights complaint, the Court will recommend the case be dismissed for lack of jurisdiction. However, this dismissal will be without prejudice to Petitioner presenting the claims in a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), rather than a habeas petition. Any such complaint will be assigned a separate civil number.

## IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to reconstrue this case as a habeas action under Section 2241 is GRANTED and the Order requiring Petitioner to pay the civil case filing fee or file a motion to proceed in forma pauperis (ECF No. 11) is VACATED.

Based on the foregoing, it is HEREBY RECOMMENDED that the habeas petition be dismissed without prejudice to Petitioner's right to file a civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

The findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty** (30) days after being served with the findings and recommendations, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772

F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: December 8, 2017  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE